In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00077-CR

                                                ______________________________

 

 

                           DONALD WILLIAM SNYDER, JR.,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                              Cass County, Texas

                                                       Trial Court
No. 2009F00162

 

                                                                
                                  

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In the Cass
County jury trial of Donald William Snyder, Jr., for felony driving while
intoxicated (DWI), Snyder’s friend, Jerry Barton, was allowed to testify, over
objection, that Barton had seen Snyder intoxicated before.  After his conviction and receiving a life
sentence,[1]
Snyder urges only one issue on appeal, that admitting Barton’s testimony
allegedly concerning a prior bad act by Snyder was erroneous and harmful.  We disagree and affirm the judgment of the
trial court.

            Barton had
received payment for work he and Snyder had done for mowing a yard and cleaning
a swimming pool.  Barton had pulled his
vehicle alongside Snyder’s vehicle, as they drove along the road, and tried to
give Snyder his part of the money. 
Barton believed Snyder could have been intoxicated because of “the way
he was getting over in my lane.  He just
didn’t do it once.  I don’t know if he
was paying attention or not watching the road.” 
Therefore, Barton reported Snyder’s condition to police.

            Matthew Bryant,
a state trooper with the Texas Department of Public Safety, was dispatched to investigate.  Bryant observed that 

[Snyder] wasn’t able to control and
stay in his lane of travel.  He had moved
over into the oncoming lane to the lefthand side of the center stripe.

 

            .
. . .

 

Then I
observed the vehicle come back across and actually drive into the bar ditch for
a time and then come back onto the road, and that’s when I initiated my red and
blue lights.

 

Bryant then observed Snyder throw a can, which was later
identified as a beer can, out the window and pull up to a residence.  Bryant testified that Snyder had bloodshot
eyes, was unsteady, spoke “with a thick tongue,” and smelled of alcohol.  After Snyder failed to follow Bryant’s
instructions for the horizontal gaze nystagmus field sobriety test, Bryant
arrested him for DWI.  

            At the police
station, Snyder failed other field sobriety tests, including the horizontal
gaze nystagmus, the walk and turn, and the one-leg-stand tests.  Snyder refused to provide a specimen of blood
or breath and refused to sign the DIC-24 form. 


            At trial,
Snyder’s son Christopher testified his father suffered from seizures as a
result of a two-story fall and head injury. 
Snyder did not inform Bryant of his medical problems.

            Snyder’s
sole issue on appeal is that the trial court erred in allowing Barton to testify,
over objection, concerning an incident of intoxication unrelated to the instant
offense to be introduced.  Snyder argues
Barton’s testimony constitutes evidence of other acts which are inadmissible to
prove the character of a person in order to show action in conformity
therewith.  Snyder also argues the
probative value of the testimony was clearly outweighed by the prejudice.[2]  The State argues Barton’s testimony was
relevant, apart from its tendency to show character conformity, to 

 

explain Barton’s basis for concluding Snyder was intoxicated
when he made his report to the police. 
When asked by the State whether he had “ever seen Mr. Snyder
intoxicated,” Barton responded in the affirmative.  Barton testified that, based on his past
observations, Snyder, when intoxicated, appears “all white and pale” and “kind
of out there.”  The State argues Barton’s
prior observations explain why Barton believed Snyder was intoxicated on the
occasion in question.

            A trial
court’s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard.  McDonald v.
State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); Willover v. State,
70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  A trial court does not abuse
its discretion so long as the decision to admit evidence is within the “zone of
reasonable disagreement.” Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990) (op. on reh’g).

            To be
admissible, evidence of other acts (1) must be relevant to a fact of consequence
in the case aside from its tendency to show action in conformity with
character; and (2) the probative value of the evidence must not be
substantially outweighed by the danger of unfair prejudice.[3]  Page v. State, 213 S.W.3d 332, 336
(Tex. Crim. App. 2006); see Tex. R. Evid. 401, 402, 403, 404(b); see also Montgomery, 810 S.W.2d
at 389–90 (describing factors to consider when balancing under Rule 403). 

            The
exceptions listed in Rule 404(b) are an “illustrative, not exhaustive, list of
exceptions.”  Daggett v. State,
187 S.W.3d 444, 451 n.13 (Tex. Crim. App. 2005).  Whether Barton’s testimony was relevant and
admissible under the Rule 403 balancing test is within the zone of reasonable
disagreement.  Therefore, the trial court
did not abuse its discretion in admitting Barton’s testimony.

            Even if the
trial court erred in admitting the challenged testimony, the error would be
harmless.  Error in admitting evidence
concerning extraneous offenses is reviewed under Rule 44.2(b) of the Texas
Rules of Appellate Procedure.  Casey,
215 S.W.3d at 885; see Tex. R. App. P. 44.2(b) (an appellate court must disregard a
nonconstitutional error that does not affect a criminal defendant’s “substantial
rights”).  A criminal conviction will not
be reversed for nonconstitutional error if the appellate court, after examining
the record as a whole, “has fair assurance that the error did not influence the
jury, or had but a slight effect.”  Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); see Motilla v.
State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  The State placed extremely little emphasis on
Barton’s testimony that he had previously seen Snyder intoxicated.  During its closing argument, the State
emphasized Barton’s observations that Snyder smelled of alcohol.[4]  In addition, Trooper Bryant’s testimony
provided ample evidence that Snyder was intoxicated on the occasion in
question.  Because Barton’s testimony,
consisting of approximately one page of the reporter’s record, was not emphasized
by the State, we have a fair assurance that the challenged testimony did not
influence the jury or had but a slight effect. 
We overrule Snyder’s sole issue.

            

 

 

            For the
reasons stated, we affirm.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
27, 2010

Date Decided:             December
29, 2010

 

Do Not Publish











[1]A
jury found Snyder guilty, Snyder pled true to two previous felonies as sentence
enhancements, and the jury assessed punishment at life imprisonment.  The trial court sentenced Snyder consistent
with the jury’s assessment.





[2]Snyder
complains about the trial court not holding a formal hearing.  But a trial court “does not have to conduct a
formal hearing or even announce on the record that it has mentally conducted
this balancing test.”  Crivello v. State, 4 S.W.3d 792, 797
(Tex. App.—Texarkana 1999, no pet.).





[3]Unfair
prejudice does not arise from the mere fact that evidence injures a party’s
case.  Unfair prejudice may result from
the tendency of the evidence to prove some adverse fact not properly in issue
or unfairly to excite emotions against the defendant.  Casey
v. State, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007).





[4]Barton
testified he and his girlfriend arrived at Snyder’s house while the state
trooper was still present.  Barton
admitted he smelled alcohol on Snyder.